UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | CASE NO. 16-15149 |
| KRISTINA'S TRANSPORTATION, LLC, et al. | SECTION: "G"(3) |

## ORDER AND REASONS

Before the Court is the Defendant Nicholas Saale's ("Saale") "Motion to Administratively Close Case" requesting "that this matter be stayed and administratively closed by this Court pending all parties obtaining final judgments and/or settlements in their underlying individual state court tort cases."[1] Also before the Court is Defendant Jennifer Chauvin's ("Chauvin") "Motion for Miscellaneous Relief," which adopts the arguments set forth in Saale's motion to administratively close the case.[2] Plaintiff-in-Interpleader National Liability & Fire Insurance Company ("National Liability") opposes both motions.[3] Having reviewed the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant both motions.

## I. Background

### A.  *Factual Background*

In the Amended Complaint, National Liability alleges that on August 28, 2016, a traffic incident occurred on Interstate 10, involving the driver of a bus owned by Kristina's

---

[1] Rec. Doc. 113.

[2] Rec. Doc. 116.

[3] Rec. Doc. 120.

1

Transportation, LLC ("Kristina's").[4] National Liability states that it provided insurance coverage to Kristina's through a commercial automobile liability policy.[5] National Liability alleges that the insurance policy provided a bodily injury liability limit of $250,000.00 per person and $500,000.00 per accident and a property damage liability limit of $25,000.00 per accident.[6] National Liability contends that after the incident, 18 lawsuits were filed against Kristina's on behalf of 59 claimants and three decedents.[7] National Liability asserts that the policy it issued to Kristina's will not cover all of the claims asserted under the policy.[8] Therefore, National Liability filed the instant action to settle the distribution of the policy funds among the multiple claimants.[9]

## B. *Procedural Background*

On September 30, 2016, National Liability filed a "Complaint-in-Interpleader", naming 52 defendants-claimants.[10] The case was initially assigned to Section "S" of this Court.[11] Also on September 30, 2016, National Liability filed a "Motion to Deposit Interpleader Funds" requesting that the Court allow it to deposit $525,000 into the Court registry for dispersal among the Interpleader Defendants.[12]

On March 23, 2017, the Court allowed National Liability to deposit $525,000 into the

---

[4] Rec. Doc. 56 at 11–12.

[5] *Id.* at 11.

[6] *Id.* at 12.

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 1.

[10] *Id.*

[11] Rec. Doc. 4.

[12] Rec. Doc. 2.

registry of the Court.[13] Also on March 23, 2017, National Liability and Interpleader Defendants Roderick Sherrod, Emiliano Acosta, Sulama Almendarez-Rivas, Jenyfer Espinal Almendares, David Jones, and Nicholas Saale entered Joint Stipulations.[14] The parties stipulated that "[t]he monies to be deposited by National Liability under [the insurance policy] . . . shall be credited against any judgment that later is entered against Kristina's Transportation and/or other person or entity, if any, who may qualify as an 'insured' [the policy]."[15] The parties further stipulated that "[t]his Court shall possess jurisdiction over the funds National Liability has requested be deposited into the registry of the Court, jurisdiction over all other issues arising from the Accident are specifically reserved."[16] On March 29, 2017, the Court stayed and administratively closed the case.[17]

On August 30, 2017, the Court granted a motion to intervene filed by Med-Trans Air Transport, LLC ("Med-Trans"), allowing Med-Trans to intervene to assert a statutory lien/privilege due to the medical services that it provided to Marcus Tate, one of the Interpleader defendants, on August 28, 2016.[18] On September 19, 2018, the Court granted a motion to intervene filed by Miguel A. Elias, APLC, allowing it to intervene to assert a claim for recovery of attorneys fees it incurred while representing Interpleader Defendants Keyla Gonzalez, Kenia Gonzalez and Mariela Baradales.[19]

---

[13] Rec. Doc. 40.

[14] Rec. Doc. 41.

[15] *Id.* at 2.

[16] *Id.*

[17] Rec. Doc. 42.

[18] Rec. Doc. 52.

[19] Rec. Doc. 67.

On May 4, 2018, the Court reopened the case and granted National Liability leave to file an amended complaint, naming 75 Interpleader Defendants.[20] On October 4, 2018, National Liability filed a motion for summary judgment seeking judgment in its favor because it had fulfilled its obligation under the insurance policy by depositing the policy limits into the registry of this Court, had no further obligation under the policy for either defense or indemnity, and was a disinterested stakeholder with no interest in the ultimate outcome of the disposition of the funds.[21] On December 19, 2018, the Court denied the motion for summary judgment, finding that National Liability's "unilateral deposit of the policy limit amount into the court's registry" did not terminate National Liability's duty to defend its insured, Kristina's.[22] The Court reasoned that the insurance policy stated that the "duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted *by payment of judgments or settlements*" and the deposit of the policy limit into the Court's registry was not made pursuant to a settlement agreement or judgment.[23]

On February 22, 2019, Judge Lemmon recused herself from the case, and it was reallotted to the undersigned Chief United States District Judge.[24] On April 22, 2019, the Court granted a motion to intervene filed by the Louisiana Workers Compensation Commission, allowing it to intervene to assert a claim for recovery of workers' compensation benefits paid to Interpleader Defendants Nicholas Saale, William Beal, and Spencer Chauvin.[25]

On June 26, 2019, Saale filed the "Motion to Administratively Close Case" requesting "that

---

[20] Rec. Docs. 56, 57.

[21] Rec. Doc. 69.

[22] Rec. Doc. 87 at 6–7.

[23] *Id.*

[24] Rec. Doc. 94.

[25] Rec. Doc. 100.

this matter be stayed and administratively closed by this Court pending all parties obtaining final judgments and/or settlements in their underlying individual state court tort cases."[26] On July 15, 2019, Chauvin filed the "Motion for Miscellaneous Relief," which adopts the arguments set forth in Saale's motion to administratively close the case.[27] On July 23, 2019, National Liability filed an opposition to both motions.[28]

## II. Parties' Arguments

### A. *Saale's Arguments in Support of the Motion to Stay and Administratively Close Case*

In the motion, Saale argues that multiple wrongful death and personal injury claims related to the August 28, 2016 accident are pending in state court.[29] Saale asserts that implicit in the March 23, 2017 Joint Stipulations "was the intent of the parties that this Court retain possession and jurisdiction over the disbursement of the funds until the final outcome of the various state court lawsuits . . . had been resolved by settlement or judgment."[30] Because no judgments have been entered in any of the state court cases, Saale argues that "any action in this matter should be stayed and this matter should be administratively closed pending the outcome of the parties' respective state court actions."[31] Finally, Saale argues administratively closing the case will assist the Court in its case management until such time as the State cases are resolved.[32]

---

[26] Rec. Doc. 113.

[27] Rec. Doc. 116.

[28] Rec. Doc. 120.

[29] Rec. Doc. 113-1 at 1.

[30] *Id.* at 2.

[31] *Id.* at 3.

[32] *Id.*

5

### B. *Chauvin's Arguments in Support of the Motion for Miscellaneous Relief*

In the motion for miscellaneous relief, Chauvin adopts the arguments set forth in Saale's motion to administratively close the case.[33]

### C. *National Liability's Arguments in Opposition to the Motions*

In opposition, National Liability asserts that the clear purpose of the Joint Stipulations is evident throughout the document.[34] National Liability asserts that there is no language in the Joint Stipulations "that provides that this suit should be stayed or administratively closed pending the final outcome of any state court suits arising out of the subject accident."[35] National Liability argues that "the parties clearly expressed their intent in the Joint Stipulations, which did not include a stipulation providing that this interpleader action should be stayed or administratively closed pending the final outcome of the state court suits."[36] If Interpleader Defendants intended for the case to be stayed and administratively closed pending the final outcome of the state court suits, National Liability argues that they should have included such a statement in clear and explicit terms.[37]

National Liability argues that the Joint Stipulations should be interpreted under Louisiana contract law.[38] According to National Liability, "[t]he clear purpose and intent of the Joint Stipulations . . . was to assure Defendants-in-Interpleader that National Liability's full Policy limits

---

[33] Rec. Doc. 116-1 at 1.

[34] Rec. Doc. 120 at 2.

[35] *Id.*

[36] *Id.* at 4.

[37] *Id.* at 4–5.

[38] *Id.*

6

would be paid into the registry of this Court and to provide a venue within which the parties could work together to find the most fair and efficient way to disperse National Liability's Policy funds."[39] If the case is stayed, National Liability argues that the very purpose for which it filed this case—to bring into one court all claimants to a particular fund—would be defeated.[40] "Because the intent of the parties was not for the Court to administratively close this interpleader action until the final outcome of the various state court suits," National Liability argues that this Court should deny the motions and allow this interpleader action to move forward as scheduled.[41]

### III. Legal Standard

Pursuant to United States Supreme Court and Fifth Circuit precedent, it is well settled that a district court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[42] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[43] "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"[44] On a motion to stay a proceeding, the moving party bears the burden to show that a stay is warranted.[45] As the Fifth Circuit has held, when "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings,

---

[39] *Id.* at 6.

[40] *Id.* at 5, n.7.

[41] *Id.* at 6.

[42] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[43] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[44] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55).

[45] *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

postpone discovery, or impose protective orders and conditions.[46] The Supreme Court has instructed that a party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay would harm another party."[47] Nonetheless, "these considerations are counsels of moderation rather than limitations upon power."[48]

## IV. Analysis

Interpleader Defendants Saale and Chauvin move the Court to stay and administratively close this case pending all parties obtaining final judgments and/or settlements in their underlying individual state court tort cases.[49] Interpleader Defendants assert that implicit in the March 23, 2017 Joint Stipulations "was the intent of the parties that this Court retain possession and jurisdiction over the disbursement of the funds until the final outcome of the various state court lawsuits . . . had been resolved by settlement or judgment."[50] Because no judgments have been entered in any of the state court cases, Interpleader Defendants argue that "any action in this matter should be stayed and this matter should be administratively closed pending the outcome of the parties' respective state court actions."[51]

---

[46] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[47] *Ates v. Delta Air Lines, Inc.*, No. 15-3228, 2015 WL 5774979, at *3 (E.D. La. Sept. 30, 2015) (Brown, J.) (citing *Landis*, 299 U.S. at 255).

[48] *Id.* (quoting *Landis*, 299 U.S. at 255) (internal quotation marks omitted).

[49] Rec. Docs. 113, 116.

[50] Rec. Doc. 113-1 at 2; Rec. Doc. 116-1 at 2.

[51] Rec. Doc. 113-1 at 3; Rec. Doc. 116-1 at 3.

On March 23, 2017, the parties stipulated that National Liability would deposit the limits of the insurance policy into the registry of the Court.[52] The parties stipulated that "[t]his Court shall possess jurisdiction over the funds National Liability has requested be deposited into the registry of the Court, jurisdiction over all other issues arising from the Accident are specifically reserved."[53] Furthermore, the parties stipulated that money deposited into the registry would "be credited against any judgment that later is entered against Kristina's Transportation and/or other person or entity, if any, who may qualify as an 'insured' [the policy]."[54] Pursuant to the Joint Stipulations, Interpleader Defendants are also "enjoined from enforcing any judgment rendered by any state court, federal court of the United States, or other tribunal against the proceeds of [the insurance policy] in any forum other than the federal court presiding over this interpleader action."[55]

The Joint Stipulations do not mention the case being stayed and administratively closed pending the final outcome of the state court suits. Nevertheless, on March 29, 2017, the Court stayed and administratively closed the case "[p]ursuant to the Joint Stipulations."[56] The case was reopened on May 4, 2018, when the Court granted National Liability's motion to amend the complaint to add additional Interpleader Defendants.[57]

Interpleader Defendants Saale and Chauvin request that the case be stayed and administratively closed once again because final judgments and/or settlements still have not been

---

[52] Rec. Doc. 41 at 2.

[53] *Id.*

[54] *Id.*

[55] *Id.* at 4.

[56] Rec. Doc. 42.

[57] Rec. Doc. 57.

entered in their underlying individual state court tort cases. In opposition, National Liability asserts that there is no language in the Joint Stipulations "that provides that this suit should be stayed or administratively closed pending the final outcome of any state court suits arising out of the subject accident."[58] Regardless of whether the Joint Stipulations authorized a stay, a district court always has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[59] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[60] Accordingly, the Court is not persuaded by National Liability's argument that a stay is not warranted because it was not explicitly authorized by the Joint Stipulations.

National Liability also argues that if the case is stayed, the very purpose for which it filed this case—to bring into one court all claimants to a particular fund—would be defeated.[61] "A district court has broad powers in an interpleader action."[62] "An interpleader action is designed to protect a stakeholder . . . from the possibility of multiple claims upon a single fund."[63] "[I]nterpleader statutes and rules are liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability."[64]

The United States Supreme Court's ruling in *State Farm Fire & Casualty Company v. Tashire*, is instructive on the purpose of an interpleader action filed by an insurance company

---

[58] Rec. Doc. 120 at 2.

[59] *Landis*, 299 U.S. at 254.

[60] *In re Ramu Corp.*, 903 F.2d at 318.

[61] Rec. Doc. 120 at 5, n.7.

[62] *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).

[63] *In re Bohart*, 743 F.2d 313, 324 (5th Cir. 1984).

[64] *Id.* at 325.

10

against persons with unliquidated tort claims against the insurance company's insured.[65] *Tashire* involved a collision between a Greyhound bus and a truck that killed and injured numerous persons.[66] The insurance carrier for the truck driver, State Farm, filed an interpleader action in the United States District Court for the District of Oregon.[67] Upon motion of State Farm, the district court issued an injunction prohibiting prospective claimants to the fund from filing or prosecuting any proceeding in any state or federal court against State Farm or the truck driver affecting the property or obligation involved in the interpleader action.[68]

On appeal, the Supreme Court determined that while statutory interpleader jurisdiction was properly invoked, State Farm was not entitled "to an order both enjoining prosecution of suits against it outside the confines of the interpleader proceeding and also extending such protection to its insured, the alleged tortfeasor."[69] The Court reasoned that "an insurance company whose maximum interest in the case cannot exceed $20,000 and who in fact asserts that it has no interest at all, should not be allowed to determine that dozens of tort plaintiffs must be compelled to press their claims . . . in a single forum of the insurance company's choosing."[70]

According to the Supreme Court, State Farm's interest in the case was "the fulcrum of the interpleader procedure," and "[t]hat interest receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against

---

[65] 386 U.S. 523 (1967).

[66] *Id.* at 525.

[67] *Id.*

[68] *Id.* at 527.

[69] *Id.* at 533.

[70] *Id.* at 535.

11

its insured, except in the interpleader proceeding itself."[71] The Court recognized that this view of interpleader "means that it cannot be used to solve all the vexing problems of multiparty litigation arising out of mass tort," and that interpleader was never intended "to be an all-purpose 'bill of peace.'"[72]

Here, the parties have stipulated to the deposit of the insurance funds into the registry of the Court to "be credited against any judgment that later is entered against Kristina's Transportation and/or other person or entity, if any, who may qualify as an 'insured' [the policy]."[73] Pursuant to the Joint Stipulations, Interpleader Defendants are "enjoined from enforcing any judgment rendered by any state court, federal court of the United States, or other tribunal against the proceeds of [the insurance policy] in any forum other than the federal court presiding over this interpleader action."[74] National Liability's interest in the case is the fulcrum of this interpleader procedure, and that interest has received full vindication by the stipulation enjoining claimants from seeking to enforce against National Liability any judgment obtained against its insured, except in this interpleader proceeding.[75] The parties do not dispute that the underlying state court cases remain pending. Any trial over the division of the insurance funds that have been deposited into the registry of the Court cannot be completed until issues of liability and damages are decided in the underlying state court cases. Accordingly, the Court will stay and administratively close the case. The Court will retain jurisdiction over this matter, and the case

---

[71] *Id.*

[72] *Id.*

[73] Rec. Doc. 41 at 2.

[74] *Id.* at 4.

[75] *Id.*

12

shall be restored to the Court's docket upon motion of a party if circumstances change, so that it may proceed to final disposition.

### V. Conclusion

As discussed above, although the Joint Stipulations do not explicitly authorize a stay, a district court has wide discretion to grant a stay in a pending matter.[76] The parties do not dispute that the underlying state court cases remain pending. Any trial over the division of the insurance funds that have been deposited into the registry of the Court cannot be completed until issues of liability and damages are decided in the underlying state court cases. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nicholas Saale's "Motion to Administratively Close Case"[77] and Defendant Jennifer Chauvin's "Motion for Miscellaneous Relief"[78] are **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **STAYED AND ADMINISTRATIVELY CLOSED**. The Court retains jurisdiction over this matter, and the case shall be restored to the Court's docket upon motion of a party if circumstances change, so that it may proceed to final disposition.

**NEW ORLEANS, LOUISIANA,** this  16th   day of September, 2019.

*[signature]*
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[76] *In re Ramu Corp.*, 903 F.2d at 318.

[77] Rec. Doc. 113.

[78] Rec. Doc. 116.